IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| UNITED STATES OF AMERICA, | ) | No. CR 98-489-1-JO |
|---|---|---|
| v. | ) ) ) | O R D E R |
| THOMAS G. MARKS, | ) ) | |
| Defendant. | ) | |

    Allan M. Garten
    Robert D. Nesler
    UNITED STATES ATTORNEY'S OFFICE
    1000 S.W. Third Avenue, Suite 600
    Portland, OR 97204

     Of Attorneys for United States of America

    Thomas G. Marks
    1030 S.W. 11th, #74
    Hermiston, OR 97838

     Defendant Pro Se

JONES, Judge:

In March 1999, this court sentenced defendant to pay restitution in the amount of $108,191.35 to victims of a bankruptcy embezzlement. According to the government, since sentencing, defendant has paid $167.00 toward his obligation.

At some point in time, the government identified a pension benefit to which defendant is entitled. Defendant is fully vested in the benefit, which is administered by Pactiv Benefit Center. Under the terms of the benefit plan, defendant is eligible to receive benefits now because he has reached the minimum retirement age of 55 years, but has not yet applied to begin receiving benefits.[1]

In early October 2005, the government served a writ of garnishment on Pactiv Benefit Center to garnish defendant's undistributed pension benefits. Defendant has objected.

As the government acknowledges, the Ninth Circuit has held that a district court may not order that "undistributed funds from a pension plan covered by the Employee Retirement Income Security Act * * * be used to make immediate payment of restitution," unless the underlying crime involved the ERISA plan in question and restitution was ordered to the plan, an exception not present in this case. United States v. Jackson, 229 F.3d 1223, 1224 (9th Cir. 2000)(relying, in part, on Guidry v. Sheet Metal Workers Nat'l. Pension Fund, 493 U.S. 365, 376 (1990)(there is no generalized equitable exception to ERISA's prohibition on assignment or alienation of pension benefits).

---

[1] At 55 years, defendant is entitled to a benefit of $123.05 per month. If he waits until he is 65 years, he will receive $299.44 per month.

2 - ORDER

The government contends that in rendering the Jackson decision in 2000, the Ninth Circuit overlooked a change Congress made in the law after Guidry. Specifically, in 1996 Congress enacted the Mandatory Victims Restitution Act ("MVRA"), 18 U.S.C. § 3663A *et seq*, which, among other things, amended 18 U.S.C. § 3613 to provide that "[n]otwithstanding any other Federal Law," a restitution award may be enforced against "all property or rights to property of the person," except for certain excepted property not relevant here. Some district courts have held that in enacting the MVRA, Congress created an exception to the ERISA anti-alienation provision. See, e.g., United States v. Rice, 196 F.Supp.2d 1196, 1201 (N.D. Okla. 2002); United States v. Tyson, 242 F.Supp.2d 469, 474 (E.D. Mich. 2003)("18 U.S.C. § 3613 is an express statutory exception to the anti-alienation provision of ERISA").

The government may be correct in its analysis of the effect of the MVRA, but the fact remains that in Jackson, the Ninth Circuit spoke directly to the issue of garnishment of undistributed pension benefits to pay restitution and held that undistributed funds are not available. 229 F.3d at 1224. United States v. Jaffe, 417 F.3d 259 (2nd Cir. 2005), the only other relevant circuit court decision this court has found, did not reach the issue. Jaffe, 417 F.3d at 267 ("we need not determine whether the 'notwithstanding any other Federal law' language of the MVRA, enacted after ERISA, creates an exception to ERISA's anti-alienation provision"). Although it is tempting to speculate, as the government invites me to do, that the Ninth Circuit was not aware of the amendments to section 3613 when it decided Jackson, that argument is better addressed to the Ninth Circuit, not to this court, which is bound to follow Ninth Circuit case law.

Accordingly, I find that defendant's interest in his undistributed pension benefit plan is exempt from garnishment to satisfy his restitution obligation.

IT IS SO ORDERED.

DATED this 23rd day of November, 2005.

  /s/ Robert E. Jones
ROBERT E. JONES
U.S. District Judge

Accordingly, I find that defendant's interest in his undistributed pension benefit plan is exempt from garnishment to satisfy his restitution obligation.

IT IS SO ORDERED.

DATED this 23rd day of November, 2005.

  /s/ Robert E. Jones
ROBERT E. JONES
U.S. District Judge